# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1876

_____

John P. Ponder,                                        *
                                                       *
        Appellant,                          *
                                                       *
        v.                                  *   Appeal from the United States
                                                       *   District Court for the
Wackenhut Correctional Corporation;                    *   Eastern District of Arkansas.
Scott Grimes Unit; Roosevelt                           *
Franklin, Jr., Captain, Grimes Unit,                   *      [UNPUBLISHED]
Wackenhut Correctional Facility; Larry                 *
Clark, C/O, Grimes Unit, Wackenhut                     *
Correctional Facility; Shane Rogers,                    *
C/O, Grimes Unit, Wackenhut                            *
Correctional Facility; Manscow, C/O,                   *
Grimes Unit, Wackenhut Correctional                    *
Facility,                                              *
                                                       *
        Appellees.                          *

_____

Submitted: January 4, 2002
Filed: January 16, 2002

_____

Before HANSEN, FAGG, and BEAM, Circuit Judges.

_____

PER CURIAM.

     Arkansas prisoner John Ponder appeals from the district court's dismissal with prejudice of his 42 U.S.C. § 1983 complaint for failure to exhaust available

administrative remedies, as required by 42 U.S.C. § 1997e(a). Ponder alleged he was assaulted by correctional officers, but was unable to meet the prison's fifteen-day deadline for filing an administrative grievance because the officers twice threatened him not to tell anyone about the assaults.

A remedy that prison officials prevent a prisoner from utilizing is not "available" under section 1997e(a). See Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001). We cannot determine on the record before us, however, whether or not the prison grievance process was available to Ponder. See Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001). Accordingly, we remand to the district court for an evidentiary hearing on this issue. The district court may wish to appoint counsel to assist Ponder.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.